IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01221-RPM-BNB

CAREY MALONEY,

Plaintiff,

v.

P.N. FINANCIAL, INC.,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion for Default Judgment** [Doc. # 8, filed 9/21/2011],[1] which seeks the entry of judgment by default against defendant P.N. Financial, Inc. (the "defendant"). I respectfully RECOMMEND that the Motion for Default Judgment be GRANTED IN PART and DENIED IN PART, and that default judgment pursuant to Fed. R. Civ. P. 55(b) be entered in favor of the plaintiff and against the defendant in the amount of $1,000.00.

**LEGAL STANDARD**

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in relevant part:

>  **(b) Entering a Default Judgment.**
>  **(2)** *By the Court.*  In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment. A default

---

[1] The plaintiff filed an identical Motion for Default Judgment five days later [Doc. # 10, filed 9/26/2011]. The affidavits of Lark Fogel and Carey Maloney were not attached to the second motion, but a proposed judgment was attached.

> judgment may be entered against a minor or incompetent person
> only if represented by a general guardian, conservator, or other like
> fiduciary who has appeared.  If the party against whom a default
> judgment is sought has appeared personally or be a representative,
> that party or its representative must be served with written notice
> of the application at least 7 days before the hearing.  The court
> may conduct hearings or make referrals--preserving any federal
> statutory right to a jury trial--when, to enter or effectuate
> judgment, it needs to:
> **(A)**  conduct an accounting;
> **(B)**  determine the amount of damages;
> **(C)**  establish the truth of any allegations by evidence; or
> **(D)**  investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  A trial court is vested with broad discretion in deciding whether to enter a default judgment.  <u>Grandbouche v. Clancy</u>, 825 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief."  10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63; <u>accord</u> <u>Olcott v. Delaware Flood Co.</u>, 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits").  In addition:

> Even after default, however, it remains for the court to consider
> whether the unchallenged facts constitute a legitimate cause of
> action, since a party in default does not admit mere conclusions of
> law. . . .  Once the court determines that a judgment by default
> should be entered, it will determine the amount and character of
> the recovery that should be awarded.

10A Wright, Miller & Kane, <u>supra</u>.

**FINDINGS AND CONCLUSIONS**

I find and conclude as follows:

1.      This action was commenced by the filing of a Complaint [Doc. # 1, filed 5/6/2011]. Jurisdiction exists pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

2.      Service of process was perfected against P.N. Financial, Inc., by delivering copies of the Summons and Complaint to its registered agent on June 2, 2011. Affidavit of Service [Doc. # 5] at p. 2. The defendant failed to answer or otherwise respond to the Complaint within the time allowed, and it has never answered, responded, or appeared in this action. The Clerk of the Court entered a default against the defendant pursuant to Fed. R. Civ. P. 55(a) on September 22, 2011. Entry of Default [Doc. # 9].

3.      The defendant is a legal entity and is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service. Complaint [Doc. # 1] at ¶5; Affidavit of Lark Fogel [Doc. # 8-1] (the "Fogel Aff.") at ¶5-6.

4.      The defendant is a debt collector, as defined by 15 U.S.C. §1692a(6). Complaint [Doc. # 1] at ¶5. The defendant violated the provisions of the Fair Debt Collection Practices Act in numerous ways, as alleged in the Complaint [Doc. # 1] and the plaintiff's affidavit. Affidavit of Cary Malone [Doc. # 8-2] (the "Malone Aff.").

5.      Although the plaintiff alleged in her Complaint that she had suffered actual damages, Complaint [Doc. # 1] at ¶¶21-23, she seeks a default judgment in the form of statutory damages only. Motion for Default Judgment [Doc. # 8] at p. 1. Pursuant to 15 U.S.C. § 1692k(a)(2), the plaintiff is entitled to statutory damages of up to $1,000.00. In determining the

appropriate amount of the statutory damages to be awarded, the court is to consider, among other things, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. §1692k(b)(1). Here, the unrebutted allegations are that the defendant repeatedly called and harassed the plaintiff, sometimes calling "up to ten times in one day;" Maloney Aff. [Doc. # 8-2] at ¶2; attempted to collect the debt, even though it had already been paid in full, id.; and disclosed personal identifying information in connection with its attempts to collect the debt. Id. The conduct is sufficiently intentional and severe as to warrant the award of the maximum statutory damages available, in the amount of $1,000.00.

6. Section 1692k(a)(3), 15 U.S.C., also provides for the award of reasonable attorney's fees and costs, and the plaintiff seeks the award of attorney's fees in the amount of $4,000.00. Fogel Aff. [Doc./ # 8-1] at ¶7. The plaintiff has failed to comply with the requirements of D.C.COLO.LCivR 54.3 in connection with her request for attorney's fees and, in particular, has failed to submit "a detailed description of the services rendered, the amount of time spent, the hourly rate," as well as "a summary of relevant qualifications and experience." Id. In view of the plaintiff's failure to provide the information required to assess a reasonable award of attorney's fees, I decline to recommend any such award.

7. The plaintiff also seeks an award of her costs. Motion for Default Judgment [Doc. # 8] at p. 1. Rule 54(d), Fed. R. Civ. P., provides that costs, other than attorney's fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. The plaintiff should be awarded her costs pursuant to 28 U.S.C. § 1920 upon the filing of a proper bill of costs.

**RECOMMENDATION**

I respectfully RECOMMEND[2] that the Motion for Default Judgment be GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to award judgment of statutory damages in the amount of $1,000.00 in favor of the plaintiff and against P.N. Financial, Inc.;

• GRANTED to award the plaintiff her costs upon the filing of a bill of costs pursuant to 28 U.S.C. § 1920; and

• DENIED insofar as the plaintiff seeks an award of her attorney's fees.

Dated June 13, 2012.

                                             BY THE COURT:

                                             s/ Boyd N. Boland
                                             United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).